NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE TOOMER, an individual, | CASE NO. CV 14-2780-R |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION RE MOTION TO STRIKE DEFENDANTS' UNSIGNED AND INSUFFICIENT EXPERT DESIGNATION |
| v. | |
| COUNTY OF LOS ANGELES a public entity; LEROY BACA, Individually and in his Official Capacity as Sheriff of the Los Angeles County Sheriff's Department; LAWRENCE SWANSON, an Individual; JONATHON BRANHAM, an Individual; and DOES 1-25, inclusive, | |
| Defendants. | |

Before the Court is Plaintiff's Ex Parte Application Re Motion To Defendants' Unsigned And Insufficient Expert Designation, which was filed on October 22, 2014.

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), the disclosure must be accompanied by a written report – prepared and signed by the witness - if the witness is one

retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.  The report must contain:

    (i)    a complete statement of all opinions the witness will express and the basis and reasons for them;

    (ii)    the facts or data considered by the witness in forming them;

    (iii)    any exhibits that will be used to summarize or support them;

    (iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

    (v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

    (vi)    a statement of the compensation to be paid for the study and testimony in the case.

Federal Rule of Civil Procedure 37(c)(1) provides that any party who fails to provide information or identify a witness as required by Rule 26(a), is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial.

Here, expert reports were due to be mutually exchanged on September 17, 2014.  On that day, Defendants served their expert witness designation on Plaintiff, designating Johnny "Gil" Jurado as a retained expert.  However, at the time of service, Defendants failed to produce a written expert report for Mr. Jurado as required by Federal Rule of Civil Procedure 26(a)(2)(B).  As such, Defendants' expert designation is insufficient, and Johnny "Gil" Jurado shall be precluded from supplying evidence at trial pursuant to Federal Rule of Civil Procedure 37(c)(1).

**IT IS HEREBY ORDERED** that the Motion to Strike Defendants' Unsigned and Insufficient Expert Designation is GRANTED.

Dated: October 28, 2014.

                                                _____
                                                   MANUEL L. REAL
                                            UNITED STATES DISTRICT JUDGE