NOTE: CHANGES MADE BY THE COURT

1  **RICKEY IVIE** (S.B.N.: 76864)
2  rivie@imwlaw.com
   **DAVIDA M. FRIEMAN** (S.B.N.:232096)
3  dfrieman@imwlaw.com
4  **IVIE, McNEILL & WYATT**
   444 S. Flower St., Suite 1800
5  Los Angeles, CA  90071
6  (213) 489-0028; Fax (213) 489-0552
7
   Attorneys for Defendants,
8  County of Los Angeles, Jonathan Branham and
9  Lawrence Swanson

10
               UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA
12
   JERMAINE TOOMER, an          ) CASE NO.: CV14-02780 R (CWx)
13 Individual,                  ) [Assigned to Judge Manuel L. Real,
14                              ) Courtroom 8]
                   Plaintiff,   ) [Complaint Filed: February 18, 2014]
15 vs.                          )
16                              )
   COUNTY OF LOS ANGELES, a     ) **ORDER RE: UNCONTROVERTED**
17 public entity; LEROY BACA,   ) **FINDINGS OF FACTS AND**
18 Individually and in his Official ) **CONCLUSIONS OF LAW RE:**
   Capacity as Sheriff of the Los ) **GRANTING OF DEFENDANTS**
19 Angeles County Sheriff's     ) **MOTION FOR SUMMARY**
20 Department; LAWRENCE         ) **ADJUDICATION**
   SWANSON, an Individual;      )
21 JONATHAN BRANHAM, an         )
22 Individual;  and DOES 1-25,  ) Discovery Cut-off:   Oct. 27, 2014
   Inclusive,                   ) Pretrial Conf:       January 26, 2015
23                              ) Trial Date:          February 17, 2015
24                              )
                   Defendants.  )
25                              )
26 ─────────────────────────────
27
28

---

1

**Order Re: Uncontroverted Findings Of Facts And Conclusions Of Law Re:
Granting Of Defendants Motion For Summary Adjudication**

# ORDER

Before the Court is Defendants' County of Los Angeles, Deputy Swanson and Deputy Branham's (collectively "Defendants") Motion for Summary Adjudication [Docket #18] filed on September 19, 2014. Having read and considered the moving and opposing documents, the Court hereby finds the following Uncontroverted Findings of Fact and Conclusions of Law:

a) *<u>Uncontroverted Findings of Fact:</u>*

1. There is no genuine dispute of material fact to support the Plaintiff's claim that Deputy Branham fired his gun at the Plaintiff.
2. There is no genuine dispute of material fact to support the Plaintiff's claim that Deputy Branham engaged in any physical contact with Plaintiff.
3. There is no genuine dispute of material to support the Plaintiff's claim that Deputy Branham engaged in the use of excessive force against the Plaintiff.
4. There is no genuine dispute of material fact to support Plaintiff's Fourth Cause of Action for Excessive Force under Section 1983 against Deputy Branham. Plaintiff's Fourth Cause of Action against Deputy Branham is dismissed.
5. There is no genuine dispute of material fact to support the Plaintiff's Fifth Cause of Action for Excessive force (§1983) Monell. Defendants Motion for Summary Adjudication on the Fifth Cause of Action is granted in its entirety.
6. There is no genuine dispute of material fact to support the Plaintiff's Sixth Cause of Action for Failure to Properly Screen and Hire 42 U.S.C. (§1983) Monell. Defendants Motion for Summary Adjudication on the Sixth Cause of Action is granted in its entirety.

**Order Re: Uncontroverted Findings Of Facts And Conclusions Of Law Re: Granting Of Defendants Motion For Summary Adjudication**

7. There is no genuine dispute of material fact to support the Plaintiff's Seventh Cause of Action for Failure to Train, Supervise and Discipline (§1983) Monell.   Defendants Motion for Summary Adjudication on this cause of action is granted in its entirety.
8. Plaintiff's allegation of a single constitutional deprivation is insufficient to establish a longstanding practice or custom for purposes of Monell liability.
9. There is no genuine dispute of material fact to support the Plaintiff's claim that Defendants acted pursuant to any policy, custom or practice that resulted in a violation of his constitutional rights.
10. Plaintiff's allegation of a single instance of a failure to screen is insufficient to satisfy the requisite "deliberate indifference" standard.
11. There is no genuine dispute of material fact to support the Plaintiff's claim that a review of Defendants' background would lead to a reasonable policymaker to conclude the "obvious consequences" for the decision to hire either of them would result in the deprivation of a third party's federally protected rights
12. There is no genuine dispute of material fact to support the Plaintiff's claim that Defendant County of Los Angeles had an unconstitutional policy, practice or custom including failure to train.

b) <u>*Conclusions of Law:*</u>

13. Liability under Title 42 of U.S.C. §1983 arises only upon a showing of personal participation by the defendant.  *Taylor v. List* 880 F.2nd 1040 (Ninth Circuit 1989)
14. A local government may be held liable under Title 42 U.S.C. §1983 only when execution of a government's policy or custom, whether made by its

lawmakers or by those whose edicts or acts may fairly be said to represent official policy inflicts the injury. *Meehan v. County of Los Angles* 856 F.2nd 102 (Ninth Circuit 1988).

15. Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell.
16. In the context of hiring decisions, "deliberate difference" is a stringent standard of fault requiring proof that a municipality acted with disregard of a known or obvious consequence of its actions.
17. A policy evinces deliberate indifference where the need for more or different action is so obvious and the inadequacy of the current procedure is so likely to result in a violation of constitutional rights that the policymakers can reasonably be said to have been deliberately indifferent to the need. *Gant v. County of Los Angeles*, 765 Fed. Supp. 2nd. 1238 (Central District of California, 2011).
18. The inadequacy of police training may serve as a basis for §1983 liability only where a municipality's failure to train employees in a relevant respect evidences a "deliberate indifference" to the right of its inhabitants.
19. Evidence of a failure to train a single officer is insufficient to establish a municipality's deliberate policy. *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007).

///
///
///
///
///
///

**4**
**Order Re: Uncontroverted Findings Of Facts And Conclusions Of Law Re: Granting Of Defendants Motion For Summary Adjudication**

20. Supplemental jurisdiction is a doctrine of discretion not of plaintiff's right. *United Mine Workers of America v. Gibbs* 383 U.S. 715, 726 (1966).

The only remaining cause of action before this Court is for excessive force under §1983 as to Deputy Swanson. Pursuant to Title 28, United States Code §1367(c) this Court declines to exercise supplemental jurisdiction as to all remaining state law claims, including assault, battery, negligence, violation of Civil Code 52.1, false arrest, false imprisonment, and intentional infliction of emotional distress. The state law claims are therefore dismissed without prejudice.

Dated: December 19, 2014      _____
                              Hon. Judge Manuel L. Real
                              United States District Court Judge